OPINION
{¶ 1} Appellant, Paul D. Tracy, appeals from the trial court's judgment denying his motion captioned, "Motion for Leave to File Supplemental Assignments of Error and Assignments in Support-Non-Notifition to Appeal"
 {¶ 2} On April 8, 2004, Appellant filed a pro se Notice of Appeal. On July 28, 2004, upon Appellant's request, the trial court appointed counsel for the appeal of Appellant's post-conviction motion to supplement. On October 8, 2004, counsel for Appellant filed a brief, pursuant to Anders v. California (1967), 388 U.S. 924. In his brief, counsel for Appellant indicated that the appeal was wholly frivolous; advised the Court that he had notified Appellant of his right to file his own pro se merit brief; and requested that he be permitted to withdraw as counsel. On November 22, 2004, Appellant filed a merit brief on his own behalf. In his pro se brief, Appellant makes numerous arguments, none of which pertain to the trial court's judgment entry from which this appeal is taken (i.e. whether the trial court erred in denying his motion to supplement the Assignments of Error).
 {¶ 3} In the Anders brief, counsel asserts, on Appellant's behalf, an Assignment of Error which appears to be unrelated to the judgment entry being appealed. Counsel's proposed Assignment of Error is as follows:
 I. {¶ 4} "Whether the trial court erred in failing to grant the motions of appellant Paul Tracy to withdraw his guilty plea and denying his petition for post-conviction relief."
 STATEMENT OF THE CASE {¶ 5} On September 6, 1996, Appellant was indicted for one count of Rape, in violation of R.C. 2907.02, one count of Attempted Rape, in violation of R.C. 2907.02 and 2923.02, and three counts of Gross Sexual Imposition, in violation of R.C. 2907.05. On December 30, 1996, Appellant, duly represented by counsel, executed a written plea form and entered a guilty plea in open court to one count of Rape and three counts of Gross Sexual Imposition. After accepting Appellant's guilty pleas, the trial court, upon agreement of the parties, found Appellant not guilty of Attempted Rape, but guilty of all the other counts. Appellant was sentenced to serve an indefinite sentence of 5 to 25 years on the Rape count and one year on each of the counts for Gross Sexual Imposition. The trial court further ordered that the sentences for Gross Sexual Imposition be served concurrently with each other and consecutive to the sentence imposed for the Rape charge. Appellant did not file a timely appeal from the conviction and sentence. Subsequently, on April 3, 2002, Appellant filed an application with this Court for a delayed appeal from his conviction and sentence, which was denied on May 14, 2002.
 {¶ 6} On December 17, 1997, the Court classified Appellant as a sexual predator, as defined in R.C. 2950.01(E). Appellant appealed the trial court's decision. On March 29, 1999, this Court affirmed in part and reversed in part the trial court's decision filed December 17, 1997.
 {¶ 7} Since 1996, Appellant has made numerous attempts before the trial court to withdraw his guilty plea. An effort pertinent to this appeal was made on June 16, 2003, when Appellant filed a "Post Sentence Motion to Withdraw Previous Plea of Guilty Pursuant to Ohio Rules of Criminal Procedure, Crim.R.32.1 and State v. Bush (2002),96 Ohio St.3d 235", which was denied by the trial court on August 27, 2003.
 {¶ 8} In the August 27, 2003 entry, the trial court stated as follows: "This matter is before this court pursuant to Defendant's Motion for Leave to File Supplemental Assignments of Error filed July 28, 2003, in the Defendant's Post-Sentence Motion to Withdraw a Previously-Made Plea of Guilty filed June 16, 2003. The Court finds both motions not well taken. The Court notes the Motions to Withdraw Previously-Made Plea of Guilty to have been made on numerous occasions in the past and denial of which generated no appeal. The Court finds no new information or grounds set forth in this most recent request." On September 4, 2003, Appellant appealed the trial court's denial of his motion to withdraw. Subsequently, on February 19, 2003, this Court dismissed Appellant's appeal for failure to prosecute.
 {¶ 9} On March 16, 2004, Appellant again appears to have petitioned the trial court to permit him to withdraw his guilty plea by supplementing the motion, which had been previously denied on August 27, 2003. Appellant's pro se motion was captioned as follows: "Leave to File Supplemental Assignments of Error and Argument in Support-Non-Notifition of Appeal." In his motion, Appellant argues that the trial court should additionally consider, as grounds for his request, that at the time of his initial plea, he was not notified of his right to appeal the conviction and sentence within thirty days. On March 23, 2004, the trial court summarily denied Appellant's motion and stated that Appellant's motion was not well taken and was, therefore, denied. It is from this order that Appellant now seeks to an appeal before this Court.
 I. {¶ 10} The procedural history of this case is complicated by years of ongoing litigation. The Court has determined that this case represents Appellant's continued creative legal efforts to withdraw a guilty plea for Rape and Gross Sexual Imposition entered before the trial court more than eight years ago. A thorough review of the record shows that Appellant's repetitious litigation, (bordering on frivolous), has reached the appellate level in four separate appeals.
 {¶ 11} Before considering Appellant's proposed Assignment of Error, this Court is first required to first determine whether it has jurisdiction to entertain the appeal. Upon review, this Court finds that it lacks jurisdiction to entertain this appeal for three separate reasons: the appeal is untimely; the appeal is not being sought from a final appealable order; and the appeal is barred by the doctrine of res judicata.
 {¶ 12} In State v. Bush, the Court held that a defendant may timely appeal a motion to withdraw a guilty plea when the trial court, by judgment entry, fails to grant the motion." State v. Bush (2002),96 Ohio St.3d 235, 773 N.E.2d 522. Therefore, pursuant to App.R. 4(A), a timely appeal, regarding a denial of a motion to withdraw a guilty plea, must be filed within thirty days of the denial.
 {¶ 13} According, to Article IV, Section 3(B)(2), of the Ohio Constitution, an appellate court may review timely appeals from final orders of inferior courts. The term "final order" is defined within R.C.2505.02. Pursuant to R.C. 2505.02, the three categories of final appealable orders are as follows: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that set aside a judgment and grant a new trial." State v. Pasqualone (1999), 140 Ohio App.3d 650,748 N.E.2d 1153. It is well settled that a final appealable order is required before there can be a basis for an appeal. State v. Pasqualone,supra. If there is no final appealable order over which the appellate court has jurisdiction, then the matter must be dismissed. State v.Pasqualone, supra.
 {¶ 14} The doctrine of res judicata is used to prevent relitigation of issues already decided by a court, or matters that should have been brought as part of a previous action. Village of Chagrin Falls v. GeaugaCo. Bd. of Cmmrs., 11th Dist. No. 2003-G-2530, 2004-Ohio-5310. Res judicata bars claims raised in a Crim.R. 32.1, post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding. State v. Young, 4th Dist. No. 03CA782, 2004-Ohio-2711, at 5.
 {¶ 15} In this case, the judgment entry from which Appellant seeks to appeal, is a denial of a motion to supplement. The most recent denial of the motion to withdraw Appellant's guilty plea appears to have been filed by the trial court on August 27, 2003, therefore, this appeal which purports, in part, to be an appeal of the trial court's denial of his motion to withdraw his guilty plea is untimely.
 {¶ 16} Furthermore, the trial court's denial of Appellant's request to supplement a prior pleading to include a proposed argument for review does not affect a substantial right, determine the action, or prevent a judgment and, therefore, is not a final appealable order.
 {¶ 17} Finally, in 2002, Appellant filed an appeal from the trial court's denial of his post-sentencing motion to withdraw his plea. The appeal was dismissed for Appellant's failure to prosecute. Therefore, if as the proposed Assignment of Error suggests, this is truly an appeal from a denial of a motion to withdraw a guilty plea, then Appellant is seeking further review of an issue, which has already been litigated and/or could have been litigated on appeal. Therefore, this appeal is barred by the doctrine of res judicata.
 {¶ 18} For these reasons, Appellant's appeal is hereby dismissed for lack of jurisdiction.
 {¶ 19} Attorney Matthew L. Alden's Motion to Withdraw as Counsel for Appellant is hereby granted.
 {¶ 20} Cause dismissed.
 {¶ 21} It is so ordered.
Wise, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY {¶ 22} For the reasons stated in the Memorandum-Opinion on file, the appeal is hereby dismissed for lack of jurisdiction. Attorney Matthew L. Alden's Motion to Withdraw as Counsel for Appellant is hereby granted.