[Cite as *State v. Helmstetter*, 2013-Ohio-3982.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  2-13-07

      v.

JORDAN M. HELMSTETTER,          O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  2-13-08

      v.

JORDAN M. HELMSTETTER,          O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeals from Auglaize County Common Pleas Court
Trial Court Nos. 2011-CR-91 and 2012-CR-157**

**In Appeal No. 2-13-07, Appeal Dismissed
In Appeal No. 2-13-08, Judgment Affirmed**

**Date of Decision:   September 16, 2013**

---

APPEARANCES:

    *Gerald F. Siesel*  **for Appellant**

    *Edwin A. Pierce and R. Andrew Augsburger*   **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jordan M. Helmstetter ("Helmstetter") brings these appeals from the judgments of the Court of Common Pleas of Auglaize County sentencing him to an aggregate prison term of 78 months for convictions in case numbers 2011-CR-91 and 2012-CR-157. Helmstetter argues that the trial court did not properly consider and apply the sentencing guidelines set forth in R.C. 2929.11 and R.C. 2929.12. For the reasons set forth below, the judgment in appellate case number 2-13-08 is affirmed. The appeal taken in case number 2-13-07 is dismissed.

{¶2} On April 29, 2011, the Auglaize County Grand Jury indicted Helmstetter as follows: Count 1 - Drug Trafficking in violation of R.C. 2925.03(A)(1)(C)(1)(a), a felony of the fourth degree; Count 2 – Trafficking in Marijuana in violation of R.C. 2925.03(A)(1)(C)(3)(a), a felony of the fifth degree; Count 3 - Drug Trafficking in violation of R.C. 2925.03(A)(1)(C)(1)(b), a felony of the fourth degree; and Counts 4 and 5 - Trafficking in Heroin in violation of R.C. 2925.03(A)(1)(C)(6)(a), a felony of the fifth degree. The case was assigned number 2011-CR-91. Helmstetter entered pleas of not guilty to all counts on May 12, 2011. On June 8, 2011, Helmstetter and the State entered into a plea agreement whereby Helmstetter would enter a plea of guilty to counts 1, 4, and 5. The State then agreed to dismiss counts 2 and 3 of the indictment. The trial

court accepted the plea agreement. A sentencing hearing was held on August 2, 2011, and the trial court placed Helmstetter on community control for a period of five years. The terms of community control included the following restrictions.

**a. During the period of the sanctions, the Defendant must abide by the law * * *;**

**b. The Defendant shall neither consume nor possess any alcoholic beverages or substances of abuse or drug paraphernalia;**

**c. The Defendant <u>shall not</u> use, purchase, have under my (sic) control, or be in the presence (sic) any mind altering substances * * *;**

**d. The Defendant <u>shall not</u> visit or be present on any premises where alcohol is served or substances of abuse or drug paraphernalia are present;**

**\* \* \***

**j. The Defendant <u>shall not</u> have any contact or association directly or indirectly with any drug users or drug traffickers.**

The trial court also notified Helmstetter that if he violated the terms of the community control, he could be ordered to serve prison terms of eighteen months on Count I, twelve months on Count IV, and twelve months on Count V with all sentences to be served consecutively for a total prison term of forty-two months.

**{¶3}** On July 17, 2012, the State filed a motion for a hearing on a violation of community control sanctions. The supporting affidavit alleged that Helmstetter had possessed heroin and had possessed digital scales, thus violating the terms of

his community control. As a result of the above allegations, on September 7, 2012, the Auglaize County Grand Jury indicted Helmstetter on one count of possession of heroin in violation of R.C. 2925.11(A)(C)(6)(c), a felony of the third degree. The new indictment was assigned case number 2012-CR-157. On January 23, 2012, Helmstetter changed his not guilty plea on the indictment to one of guilty in exchange for a jointly recommended sentence of 24 months in prison in case number 2012-CR-157. Helmstetter also admitted to the community control violation in case number 2011-CR-91. In case number 2011-CR-91, the trial court reimposed the sentence previously ordered which required Helmstetter to serve a total prison term of 42 months. In case number 2012-CR-157, the trial court chose to not follow the joint recommendation of Helmstetter and the State and ordered Helmstetter to serve a prison term of thirty-six months. This sentence was ordered to be served consecutively to the one in case number 2011-CR-91 for a total prison term of seventy-eight months. Helmstetter appeals from this judgment and raises the following assignment of error.

> **The trial court's sentence of [Helmstetter] to a maximum sentence of thirty-six months consecutive to a reimposed community control violation sentence of forty-two months was contrary to law and further constituted an abuse of discretion by failing to properly consider and apply the sentencing guidelines set forth in [R.C. 2929.11 and R.C. 2929.12].**

{¶4} This court initially notes that the assignment of error only applies to the sentence set forth in trial court case number 2012-CR-157, which was assigned

appellate court case number 2-13-08. Appellate Rule 16 requires all briefs to contain an assignment of error and an argument with respect to the assignment of error. App.R. 16(A). The failure to assign an error or to argue it as required by Appellate Rule 16 may result in the appellate court disregarding the argument and dismissing the appeal. *State v. Chilcutt*, 3d Dist. Crawford Nos. 3-03-16, 3-03-17, 2003-Ohio-6705. Since no assignment of error was made and no argument was presented in appellate case number 2-13-07, that appeal is dismissed.

{¶5} Helmstetter claims that the trial court's imposition of the maximum sentence is contrary to law and an abuse of discretion.

> **Trial courts have full discretion to impose any sentence with the statutory range. State v. Saldana, 3d Dist. No. 12–12–09, 2013–Ohio–1122, ¶ 20. * * * However, the trial court must still consider the purposes of felony sentencing as set forth in R.C. 2929.11 and be guided by the sentencing factors set forth in R.C. 2929.12 and R.C. 2929.13 when determining the appropriate sentence. Saldana at ¶ 20–21.**

*State v. Walton*, 3d Dist. Nos. 16-12-13, 16-12-14, 2013-Ohio-2147, ¶4.

> **(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

**(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.**

R.C. 2929.11.

**(B)   The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:**

**(1)   The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.**

**(2)   The victim of the offense suffered serious physical, psychological or economic harm as a result of the offense.**

**(3)   The offender held a public office or position of trust in the community, and the offense related to that office or position.**

**(4)   The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.**

**(5)   The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.**

**(6)   The offender's relationship with the victim facilitated the offense.**

**(7)   The offender committed the offense for hire or as a part of an organized criminal activity.**

**(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.**

**(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.**

**(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:**

**(1) The victim induced or facilitated the offense.**

**(2) In committing the offense, the offender acted under strong provocation.**

**(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.**

**(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.**

**(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes.**

**(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the**

**Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.**

**(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.**

**(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.**

**(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.**

**(5) The offender shows no genuine remorse for the offense.**

**(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:**

**(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.**

**(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.**

**(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.**

**(4) The offense was committed under circumstances not likely to recur.**

**(5) The offender shows genuine remorse for the offense.**

R.C. 2929.12.

{¶6} In the assignment of error, Helmstetter claims that the trial court did not properly consider the factors set forth in R.C. 2929.11 and R.C. 2929.12. A review of the record indicates that the trial court did consider the factors when imposing its sentence.

> **The Court has considered the record, oral statements, any Victim Impact Statement and Pre-Sentence Report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and has balanced the seriousness and recidivism factors under Ohio Revised Code §2929.12.**

Sentencing Entry, 2-3. Further review shows that the record supports the trial court's conclusion to impose the maximum sentence and to order it consecutive to that in Appellate Case Number 2-13-07. A review of the record shows that none of the factors in 2929.12(B) that sets forth that the offense is more serious than others apply. There was no victim, there were no injuries, and Helmstetter did not commit his offense for hire or as a result of his occupation. As to the factors in R.C. 2929.12(C), the trial court could determine that the factor that Helmstetter did not expect to cause harm to persons or property as a result of the offense. However, this does not ultimately affect the seriousness of the offense of possession of heroin since physical harm to person or property is not an element of the offense.

{¶7} In R.C. 2929.12(D), which helps determine the likeliness of recidivism, there are several factors which apply to Helmstetter. At the time Helmstetter committed this offense, he was under community control sanctions for possession of drugs and drug trafficking. Helmstetter has a prior juvenile record, which includes a theft charge, marijuana usage, and underage possession of controlled substances. Helmstetter also violated the terms of his probation while a juvenile by having positive marijuana drug screens on two occasions. As an adult, Helmstetter has received prior treatment for his drug abuse on two separate occasions, but continues to have a drug problem. Helmstetter admitted to abusing alcohol, marijuana, prescription drugs, cocaine, and heroin. Although he has exhibited a willingness to enter treatment, he has not exhibited a willingness to follow through with the treatment. There were no applicable factors set forth in R.C. 2929.12(E), which would show an inclination to not commit future crimes, in the record. Based upon the record before it, the trial court's decision to impose a maximum sentence in this case and order it to be served consecutively to a prior sentence, was neither clearly and convincingly contrary to law nor an abuse of discretion. The assignment of error is overruled, and the judgments are affirmed.

Case No. 2-13-07, 2-13-08

{¶8} Having found no error prejudicial to the Appellant, the judgment of the Court of Common Pleas of Auglaize County in case number 2-13-08 is affirmed.  The appeal in case number 2-13-07 is dismissed.

*In 2-13-07, Appeal Dismissed,*
*In 2-13-08, Judgment Affirmed.*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**