[Cite as *State v. Bridges*, 2016-Ohio-7298.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 103634 and 104506**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANDREY L. BRIDGES

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574201-A

**BEFORE:** E.T. Gallagher, J., Jones, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 13, 2016

**FOR APPELLANT**

Andrey L. Bridges, pro se
Inmate No. 650493
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Anthony Thomas Miranda
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** In this consolidated appeal, defendant-appellant, Andrey L. Bridges ("Bridges"), appeals pro se from the trial court's denial of his motion for leave to file a delayed motion for new trial and his postconviction motion to correct an error in his conviction. Bridges raises the following six assignments of error for our review:

1. Appellant's right to have effective assistance of counsel during trial was violated.

2. Appellant was prejudiced when his actual/factual innocence was on the face of the record.

3. The trial court erred when it denied the defendant's Motion for Appointment of Private Investigator, thus depriving him of his right to a fair trial and due process guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section[s] 10 and 16 of the Ohio Constitution.

4. The trial court abused its discretion when it denied his right to a new trial where his filing was supported with documentation and supplements.

5. Appellant was deprived of his right to a fair trial and due process under the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 and 16 of the Ohio Constitution when he was convicted in violation of a constitutional due process right and equal protection right.

6. Appellant was deprived of due process when his conviction of Offense of Murder pursuant to R.C. 2903.02 should have been voided.

**{¶2}** After careful review of the record and relevant case law, we affirm.

## I. Procedural History

**{¶3}** On November 8, 2013, a jury found Bridges guilty of murder, felonious assault, tampering with evidence, and abuse of a corpse in relation to the death of Carl Acoff. Bridges was sentenced to an aggregate term of life in prison with the possibility of parole after 18 years and six months. Bridges's convictions were affirmed on direct appeal. *State v. Bridges*, 8th Dist. Cuyahoga No. 100805, 2014-Ohio-4570 ("*Bridges I*"); *see State v. Bridges*, 8th Dist. Cuyahoga No. 100805, 2015-Ohio-1447 (denying Bridges's application for reopening his appeal).[1]

**{¶4}** On July 23, 2014, Bridges filed a petition for postconviction relief, arguing (1) he received ineffective assistance of counsel throughout the trial proceedings, (2) his convictions were not supported by sufficient evidence, and (3) the state committed prosecutorial misconduct at trial. While Bridges's direct appeal was pending, the trial court denied his petition for postconviction relief without a hearing. The court also issued findings of fact and conclusions of law, which detailed the reasons for the denial. Bridges appealed these rulings in two cases, both of which were dismissed for failure to file the record. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 101938 (Oct. 1, 2014), and 101942 (Oct. 31, 2014).

---

[1] For a thorough recitation of the facts in this case, *see Bridges I* at ¶ 4-50.

{¶5} In March 18, 2015, Bridges filed a petition to vacate or set aside his judgment of conviction or sentence, arguing (1) he received ineffective assistance of counsel throughout the trial proceedings, (2) the trial court lacked subject matter jurisdiction, (3) he was denied his right to a speedy trial, and (4) the state committed prosecutorial misconduct at trial. On March 24, 2015, the trial court denied Bridge's petition without a hearing.

{¶6} On May 11, 2015, Bridges filed a motion for new trial, arguing (1) his convictions were not supported by sufficient evidence, (2) the trial court abused its discretion by admitting prejudicial photographic evidence, and (3) his $5 million bond was unconstitutional. On May 18, 2015, the trial court denied the motion without a hearing.

{¶7} On December 24, 2015, this court affirmed the trial court's denial of Bridges's motion for a new trial and his petition to vacate or set aside judgment of conviction or sentence. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 102930 and 103090, 2015-Ohio-5428 ("*Bridges II*"). In affirming the trial court's judgment, we determined that Bridges's motion for new trial was untimely and not based on newly discovered evidence. *Id.* at ¶ 10-21. In addition, we concluded that the claims asserted in Bridges's postconviction motion to vacate or set aside judgment of conviction or sentence were barred by res judicata. *Id.* at ¶ 25-30.

{¶8} While his appeal in *Bridges II* was pending, Bridges filed a motion for leave to file a delayed motion for new trial on August 5, 2015, which the trial court

denied without a hearing. On May 12, 2016, Bridges filed a "motion for leave with memorandum in support to correct error R.C. 2903.02(A) conviction due to insufficient evidence" ("motion to correct error"). On May 17, 2016, the trial court denied Bridges's motion without a hearing.

{¶9} Bridges now appeals from the trial court's denial of his delayed motion for new trial and his motion to correct error.

## II. Law and Analysis

### A. Final Appealable Orders — Appeal No. 103634

{¶10} On August 29, 2016, this court sua sponte consolidated Bridges's appeals in Appeal Nos.103634 and 104506. Preliminarily, we note that Bridges's notice of appeal in Appeal No. 103634 references the following journal entries:

1. The trial court's September 9, 2015 denial of Bridges's motion to hold in abeyance the defendant's motion for new trial;

2. The trial court's September 23, 2015 denial of Bridges's motion for leave to supplement pending instanter of delayed motion for leave to grant motion for new trial;

3. The trial court's September 23, 2015 denial of Bridges's motion for emergency access to trial transcripts;

4. The trial court's September 23, 2015 denial of Bridges's motion for leave to file delayed motion for new trial;

5. The trial court's September 23, 2015 denial of Bridges's motion to supplement his delayed motion for new trial;

6. The trial court's September 30, 2015 denial of Bridges's motion for leave to supplement police reports and facts to delayed motion for new trial; and

7. The trial court's October 7, 2015 denial of Bridges's motion for reconsideration via the defendant's emergency reply brief in opposition to defendant's motion for leave to file motion for new trial.

{¶11} According to Article IV, Section 3(B)(2), of the Ohio Constitution, an appellate court may review timely appeals from final orders of inferior courts. The term "final order" is defined within R.C. 2505.02. Normally, an order is not final and appealable unless it falls into one of the categories listed in R.C. 2505.02(B). *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. R.C. 2505.02(B) provides:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43,

2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code.

{¶12} In this case, the trial court's denial of Bridges's motion to hold his motion for new trial in abeyance and his various motions to supplement his prior pleading with additional facts and arguments do not fall into one of the categories listed in R.C. 2505.02(B). Therefore, those orders are not final appealable orders.

*See Holivay v. Holivay*, 8th Dist. Cuyahoga No. 89439, 2007-Ohio-6492, ¶ 9; *State v. Tracy*, 5th Dist. Licking No. 04-CA-25, 2005-Ohio-1613, ¶ 16. Further, while the trial court's denial of a motion for transcripts is a final, appealable order, Bridges has not assigned the denial of his motion for immediate access to trial transcripts as error on appeal. *State v. Majid*, 8th Dist. Cuyahoga No. 102154, 2015-Ohio-2406, ¶ 4. Generally, "the failure to assign an error or to argue it as required by Appellate Rule 16 may result in the appellate court disregarding the argument." *See State v. Helmstetter*, 3d Dist. Auglaize Nos. 2-13-07 and 2-13-08, 2013-Ohio-3982, ¶ 4. Accordingly, our review in Appeal No. 103634 is limited to the trial court's denial of Bridges's motion for leave to file a delayed motion for new trial.

**B. Motion for New Trial**

{¶13} In his first, second, third, and fourth assignments of error, Bridges collectively argues the trial court abused its discretion by denying his motion for leave to file a delayed motion for new trial.

{¶14} Crim.R. 33(A) sets forth six grounds on which a trial court may grant a defendant's motion for a new trial in a criminal case. In this case, Bridges alleged that he was entitled to a new trial pursuant to Crim.R. 33(A)(1) and (5), which state in pertinent part:

> A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> * * *
> (5) Error of law occurring at the trial[.]

{¶15} Crim.R. 33(B) sets forth time limits for such motions and requirements to secure leave of court to file a motion for a new trial after the time limits set forth in the rule have expired.

{¶16} Where a motion for a new trial is based upon grounds set forth in Crim.R. 33(A)(1)-(5), the motion "shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived." Crim.R. 33(B). In order to file at a later time, the rule requires the defendant to establish "by clear and convincing proof that the defendant was

unavoidably prevented from filing his motion for a new trial * * * within the time provided." *Id.*

{¶17} Motions for a new trial under Crim.R. 33(A)(6), based upon newly discovered evidence, "shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." *Id.* Such a motion may be filed at a later time where the defendant demonstrates "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely."

{¶18} In the instant case, Bridges was convicted on November 8, 2013, and he filed his motion for leave to file a delayed motion for new trial on August 19, 2015. Because Bridges's motion was filed well beyond the applicable time period, he was required to obtain leave of court to file his motion for new trial. *State v. Hoover-Moore*, 10th Dist. Franklin No. 14AP-1049, 2015-Ohio-4863, ¶ 13. "To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the [time provided]." *Id.*

{¶19} For purposes of the rule, "unavoidably prevented" from filing a motion for a new trial means "the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new

trial in the exercise of reasonable diligence." *State v. Glover*, 8th Dist. Cuyahoga Nos. 102828, 102829, and 102831, 2016-Ohio-2833, ¶ 27, citing *State v. Davis*, 10th Dist. Franklin No. 03AP-1200, 2004-Ohio-6065, ¶ 11.

**{¶20}** "Clear and convincing proof that the defendant was 'unavoidably prevented' from filing 'requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶ 9. The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶ 11.

**{¶21}** We cannot disturb the court's decision to either grant or deny leave under Crim.R. 33 unless the court abused its discretion. *State v. Washington*, 8th Dist. Cuyahoga No. 103875, 2016-Ohio-5329, ¶ 15, citing *State v. Pinkerman*, 88 Ohio App.3d 158, 160, 623 N.E.2d 643 (4th Dist.1993).

**{¶22}** In his motion for leave, Bridges argues he was prevented from having a fair trial where defense counsel rendered ineffective assistance by "failing to motion for a suppression hearing, notice of alibi or other defense motions which are necessary motions to be filed according to Crim.R. 12(C)." Bridges further raises claims of "actual innocence," arguing his verdict was not supported by sufficient evidence. Finally, Bridges argues the trial court committed a

prejudicial error of law by failing to respond to his pretrial motion to appoint a private investigator.

**{¶23}** In support of his claims, Bridges relies on numerous affidavits and exhibits, including (1) an affidavit from his son alleging that Bridges cut his hand on a can of vegetables while cooking dinner; (2) portions of the Olmsted Township Police Report; (3) weather reports from various days in the year 2013; (4) various portions of the docket, including the indictment, bill of particulars, discovery requests, journal entries, and motions filed during the underlying criminal case; (5) the investigative report completed by the Olmsted Township Police Department; (6) a printout of R.C. 1901.02, Jurisdiction of Municipal Courts; (7) various media reports and coverage of the underlying criminal trial; (8) various copies of photographs submitted into evidence at trial; (9) letters received by Bridges from local attorneys declining pro bono legal representation; and (10) a portion of the Cleveland Police Report regarding the victim's missing person report.

**{¶24}** Upon review, we find Bridges has failed to establish by clear and convincing proof that he was unavoidably prevented from timely filing his motion for new trial. In our view, the grounds supporting each of Bridges's claims were either known to Bridges within the time prescribed for filing the motion for new trial or would have been known upon the exercise of reasonable diligence. On appeal, Bridges maintains that he was unavoidably prevented from filing a timely motion due to the ineffective assistance of his trial counsel and the lack of

cooperation provided by the state and the Olmsted Township Police Department. However, Bridges merely asserts that he was unavoidably prevented from filing a timely motion in a self-serving affidavit without providing an evidentiary basis to support such a claim. *See Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, at ¶9. Moreover, there is nothing in the attached affidavits or exhibits to suggest Bridges discovered new evidence supporting his ineffective assistance, actual innocence, and error of law claims that was not previously known or available to him during his trial or during the time period immediately following his conviction.

**{¶25}** In addition, we find the claims set forth in Bridges's motion for leave are barred by the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Cole,* 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Thus, a defendant may not raise any issue in a motion for postconviction relief if he could have raised the issue on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Moreover, res judicata bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject

matter of the previous action. *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶26} In his brief, Bridges correctly cites *Bridges II* for the proposition that "when allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for postconviction relief rather than direct appeal." *Bridges II*, 2015-Ohio-5428, at ¶ 10, citing *State v. Curtis*, 8th Dist. Cuyahoga No. 89412, 2008-Ohio-916, ¶ 8. Contrary to Bridges's position, however, the basis of his ineffective assistance of counsel claims and his contention that the trial court erred in failing to rule on his motion to appoint a private investigator do not rely on evidence outside the record — nor has Bridges produced evidence outside the record to suggest otherwise. Whether defense counsel was ineffective for failing to file certain pretrial motions, or whether the trial court committed a legal error in failing to appoint a private investigator, are issues that were capable of review without consideration of evidence outside the record. Therefore, such claims should have been raised on direct appeal. *See State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 13 ("Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal.").

{¶27} Similarly, the issues incorporated into Bridges's claim of "actual innocence" merely reiterated sufficiency and manifest weight arguments

previously raised in Bridges's direct appeal. *See Bridges I*, 2014-Ohio-4570, at ¶ 71 ("We agree that the evidence against Bridges was mostly circumstantial. The circumstantial evidence against Bridges, however, was overwhelming."). Finally, we note that many of the arguments raised in Bridges's motion for leave were previously raised in Bridges's prior petition for postconviction relief, which this court determined were claims barred by res judicata in *Bridges II*. *See Bridges II*, at ¶ 10-15.

{¶28} Based on the foregoing, we find the trial court did not abuse its discretion in denying Bridges's motion for leave to file a delayed motion for new trial without a hearing.

{¶29} Bridges's first, second, third, and fourth assignments of error are overruled.

### C. Motion to Correct Error

{¶30} In his fifth and sixth assignments of error, Bridges collectively argues the trial court erred in denying his motion to correct error.

{¶31} A vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). Bridges's

motion to correct error meets these four requirements. Accordingly, we shall construe his motion as a petition for postconviction relief. *See State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473.

{¶32} R.C. 2953.21 governs petitions for postconviction relief and permits a criminal defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." *See* R.C. 2953.21(A)(1)(a).

{¶33} As a general matter, a petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). A petition for postconviction relief "is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record." *State v. Murphy*, 10th Dist. Franklin No. 00AP-233, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000). Thus, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 23.

**{¶34}** "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

**{¶35}** Because Bridges has filed prior petitions for postconviction relief, this petition is deemed a successive petition. Under R.C. 2953.23(A), a trial court may entertain a successive petition if the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

**{¶36}** The doctrine of res judicata places another restriction on the availability of postconviction relief. *State v. Blalock*, 8th Dist. Cuyahoga No. 94198, 2010-Ohio-4494, ¶ 19. When the claims raised in a petition for postconviction relief are barred by the doctrine of res judicata, a trial court does not abuse its discretion in denying the petition without a hearing. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

**{¶37}** In his motion to correct error, Bridges argues "the trial court erred by entering a judgment of conviction of murder and felonious assault that is against the sufficiency of the evidence, in derogation of his right to due process of law." Bridges contends the state failed to produce "at least a modicum of evidence on each element of the crime," and that its theory of the case relied on speculation and inconsistent testimony.

**{¶38}** Upon review, we find the sufficiency and weight of the evidence arguments raised in Bridges's motion to correct error were previously raised and rejected by this court in Bridges's direct appeal. *See Bridges I*, 2014-Ohio-4570, at ¶ 71. As stated, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. Accordingly, Bridges's challenges to the sufficiency and weight of the evidence supporting his convictions are barred by the doctrine of res judicata. *Bridges II* at ¶ 26 ("The bulk of Bridges's argument under this assigned error concerns the sufficiency and weight of the evidence presented at his trial. These issues were argued and decided in his direct appeal; therefore, they are improperly raised in his postconviction relief petition."). *See also State v. Graff*, 8th Dist. Cuyahoga No. 83307, 2004-Ohio-1456, ¶ 35.

**{¶39}** Moreover, even if Bridges's claims were not barred by res judicata, his petition was untimely. Significantly, there is nothing in Bridges's petition to suggest that he relies on evidence that was not known or available to him at the

time of trial or his first petition.   Thus, Bridges's petition does not adequately explain, in accordance with R.C. 2953.23(A)(1)(a), why he was unavoidably delayed from discovering the facts upon which his current petition is based.   Nor did Bridges show that, subsequent to the filing deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [Bridges's] situation."

{¶40} Accordingly, we find the trial court did not abuse its discretion in denying Bridges's motion to correct error without a hearing.   Bridges's fifth and sixth assignments of error are overruled.

### III. Conclusion

{¶41} Based on the foregoing, we find Bridges's motion for leave to file a delayed motion for new trial and his motion to correct error were untimely barred by res judicata.   Accordingly, the trial court did not abuse its discretion in denying the motions without a hearing.

{¶42} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
MARY EILEEN KILBANE, J., CONCUR