[Cite as *State v. Taulbee*, 2016-Ohio-5445.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RYAN T. TAULBEE | : | Case No. 16-CA-10 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Fairfield County
                                     Court of Common Pleas, Case No.
                                     2013 CR 00479



JUDGMENT:                            Affirmed



DATE OF JUDGMENT:                    August 17, 2016




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GREGG MARX                                RYAN T. TAULBEE, pro se
Fairfield County Prosecuting Attorney     #A697318
                                          Madison Correctional Institution
By: JOSHUA S. HORACEK                      1851 St. Rt. 56
Assistant Prosecuting Attorney            London, Ohio 43140-0740
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}     Defendant-appellant Ryan Taulbee appeals from the March 4, 2016 Journal Entry of the Fairfield County Court of Common Pleas overruling his Motion to Vacate a Void Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}     On October 4, 2013, the Fairfield County Grand Jury indicted appellant on three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, one count of attempted rape in violation of R.C. 2907.02(A)(2) and 2923.02(A), a felony of the second degree, one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree, and one count of disrupting public services in violation of R.C. 2909.04(A)(3), a felony of the fourth degree.

{¶3}     Subsequently, a jury trial commenced on December 17, 2013. The jury, on December 20, 2013, found appellant not guilty of all of the counts except one count of rape in violation of R.C. 2907.02(A)(2) by digital penetration. Appellant moved the trial court to set aside the verdict as contrary to the balance of the jury's findings. The trial court denied the motion.

{¶4}     As memorialized in a Judgment Entry filed on January 17, 2014, appellant was sentenced to nine years in prison. The trial court, in its Judgment Entry, ordered that appellant have no direct or indirect contact with the victim or her family members or with the victim's neighbor or her family members.

{¶5}     Appellant then appealed, arguing that that his conviction for rape was against the manifest weight of the evidence and could not be reconciled with the other verdicts in his case. This Court, pursuant to an Opinion filed on March 13, 2015 in *State*

*v. Taulbee*, 5th Dist. Fairfield No. 14-CA-5, 2015-Ohio-1004, affirmed appellant's conviction.

{¶6} On July 6, 2015, appellant filed a Motion to Reopen his appeal. The motion was denied as untimely on September 10, 2015. Appellant filed a Notice of Appeal with the Ohio Supreme Court on November 30, 2015.

{¶7} Appellant, on February 5, 2016, filed a Motion to Vacate a Void Sentence in the trial court, arguing that the trial court erred when it imposed a community control sanction (the no contact order) and a prison term for the same felony offense and that the trial court relied on erroneous information when sentencing appellant. Appellant specifically argued that the trial court "relied upon erroneous information and testimony from the 'victim's' account that the jury deemed wholly incredible." Appellee filed a response to appellant's motion on February 23, 2016, conceding, in part, that the no contact order should be vacated.

{¶8} On February 10, 2016, the Ohio Supreme Court declined to accept jurisdiction of appellant's appeal.

{¶9} The trial court, as memorialized in a Journal Entry filed on March 4, 2016, overruled appellant's Motion to Vacate a Void Sentence, but ordered that the no contact order be vacated.

{¶10} Appellant now appeals from the trial court's March 4, 2016 Journal Entry, raising the following the following assignments of error on appeal:

{¶11} TRIAL COURT ERRED AS A MATTER OF FACT AND LAW WHEN IT IMPOSED A SENTENCE THAT WAS CONTRARY TO LAW.

{¶12} TRIAL COURT ERRED AS A MATTER OF FACT AND LAW WHEN IT SENTENCED APPELLANT RELYING ON ERRONEOUS INFORMATION.

I

{¶13} Appellant, in his first assignment of error, argues that the trial court imposed a sentence that was contrary to law when it imposed a no contact order and a prison term for the same felony offense.

{¶14} However, as is stated above, the trial court, in its March 4, 2016 Journal Entry, vacated the no contact order.

{¶15} Appellant's first assignment of error is, therefore, overruled as moot.

II

{¶16} Appellant, in his second assignment of error, contends that the trial court relied on erroneous information when it sentenced him. Appellant argues that the victim's version of events, as evidenced by his acquittal on the remaining counts, was not credible and that her account "was insufficient to establish the offense charged." Appellant maintains that the trial court should not have considered her testimony in sentencing him.

{¶17} We note that appellant, in his direct appeal, argued that his conviction was against the manifest weight of the evidence. This Court, in our Opinion, specifically found that appellant's conviction for rape in violation of R.C. 2907.02(A)(2) was not against the manifest weight or sufficiency of the evidence.

{¶18} Moreover, pursuant to the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial,

which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. We find that appellant is barred by such doctrine from raising his argument about sentencing now since he could have raised it on direct appeal.

{¶19}  Appellant's second assignment of error is, therefore, overruled.

{¶20}  Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.