[Cite as *State v. Bridges*, 2018-Ohio-4113.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106653**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDREY BRIDGES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574201-A

**BEFORE:** McCormack, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 11, 2018

[Cite as *State v. Bridges*, 2018-Ohio-4113.]

**FOR APPELLANT**

Andrey L. Bridges, pro se
Inmate No. 650493
B.E.C.I.P.O.
68518 Bannock Road, S.R. 331
St. Clairsville, OH 43950

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Anthony Thomas Miranda
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Andrey Bridges appeals pro se from the trial court's denial of his "motion to leave to file void or voidable judgment." For the reasons that follow, we affirm the trial court.

{¶2} In November 2013, a jury convicted Bridges of murder, felonious assault, tampering with evidence, and abuse of a corpse in relation to the death of Carl Acoff. The trial court sentenced Bridges to an aggregate term of life in prison with the possibility of parole after 18 years and six months. Bridges filed a direct appeal, arguing his convictions for murder and felonious assault were against the manifest weight of the evidence and the evidence was insufficient to sustain a conviction for tampering with evidence and abuse of a corpse. We affirmed Bridges's convictions. *State v. Bridges*, 8th Dist. Cuyahoga No. 100805, 2014-Ohio-4570 ("*Bridges I*"); *see State v. Bridges*, 8th Dist. Cuyahoga No. 100805, 2015-Ohio-1447 (denying Bridges's application for reopening his appeal).

{¶3} In July 2014, Bridges filed a petition for postconviction relief, arguing ineffective assistance of counsel, his convictions were not supported by sufficient evidence, and prosecutorial misconduct. While Bridges's direct appeal was pending, the trial court denied his petition for postconviction relief without a hearing and issued findings of fact and conclusions of law supporting the denial. Bridges appealed these rulings in two cases, both of which were dismissed for failure to file the record. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 101938 (Oct. 1, 2014), and 101942 (Oct. 31, 2014).

{¶4} In March 2015, Bridges filed a petition to vacate or set aside his judgment of conviction or sentence, arguing ineffective assistance of counsel, the trial court lacked subject matter jurisdiction, speedy trial violations, and prosecutorial misconduct. The trial court denied Bridges's petition without a hearing. In May 2015, Bridges filed a motion for new trial, arguing his convictions were not supported by sufficient evidence, the trial court abused its discretion by admitting prejudicial photographic evidence, and his $5 million bond was unconstitutional. The trial court denied Bridges's motion without a hearing.

{¶5} Bridges appealed these two rulings, and in December 2015, we affirmed the same. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 102930 and 103090, 2015-Ohio-5428 ("*Bridges II*"). In affirming the trial court's judgment, we determined that Bridges's motion for new trial was untimely and not based on newly discovered evidence. In addition, we concluded that the claims asserted in Bridges's postconviction motion to vacate or set aside judgment of conviction or sentence were barred by res judicata. *Id.*

{¶6} In August 2015, while his appeal in *Bridges II* was pending, Bridges filed a motion for leave to file a delayed motion for new trial. In May 2016, Bridges filed a "motion for leave with memorandum in support to correct error R.C. 2903.02(A) conviction due to insufficient evidence" ("motion to correct error"). The trial court denied both motions without a hearing. Bridges appealed the trial court's rulings, and in October 2016, we affirmed the trial court. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298 ("*Bridges III*").

**{¶7}** In *Bridges III*, we sua sponte consolidated Bridges's appeal in Appeal No. 103634 and found that the journal entries from which Bridges had appealed were not final, appealable orders.[1] *Id.* at ¶ 10-12. In affirming the trial court's denial of Bridges's motion for leave to file a delayed motion for new trial, we found Bridges failed to provide any new evidence supporting his ineffective assistance, actual innocence, and error of law claims that was not previously known or available to him during his trial or during the time period immediately following his conviction, and nevertheless, his claims are barred by res judicata. *Id.* at ¶ 24-28. Additionally, we found Bridges's motion to correct error was barred by res judicata. *Id.* at ¶ 38.

**{¶8}** In December 2017, Bridges filed a "motion to leave to file void or voidable judgment," arguing that the trial court considered the status of the victim as transgender and this consideration rendered his sentence contrary to law. He also claimed that this consideration violated his due process rights. The trial court denied Bridges's motion, and Bridges now appeals.

**{¶9}** In the present appeal, Bridges alleges error in the trial court's sentence for his 2013 conviction. Specifically, Bridges contends in two assignments of error that his

---

[1] Bridges's notice of appeal in Appeal No. 103634 references the trial court's September 23, 2015 denial of the following motions: (1) motion to hold in abeyance the defendant's motion for new trial; (2) motion for leave to supplement pending instanter of delayed motion for leave to grant motion for new trial; (3) motion for emergency access to trial transcripts; (4) motion for leave to file delayed motion for new trial; (5) motion to supplement his delayed motion for new trial; (6) motion for leave to supplement police reports and facts to delayed motion for new trial; and (7) motion for reconsideration via the defendant's emergency reply brief in opposition to defendant's motion for leave to file motion for new trial.

sentence was contrary to law and "the court imposed an illegal determination in sentencing Bridges to do life in prison then do 15 years with eligible parole after the 15 years * * * with additional time to be served after the life sentence."

{¶10} We note initially that Bridges's "motion to leave to file void or voidable judgment" will be construed as a postconviction petition for relief. A motion meets the definition of a petition for postconviction relief set forth in R.C. 2953.21(A)(1), if it was (1) filed subsequent to the direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render a judgment void; and (4) asks for vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Here, Bridges's motion was filed more than three years after this court affirmed his conviction and sentence in his direct appeal, Bridges is claiming a violation of his due process rights, he is attempting to render his conviction void, and he is seeking to vacate his sentence.

{¶11} A petition for postconviction relief is a collateral civil attack on a criminal judgment; it is not an appeal of the judgment. *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 10. The petition is "a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is outside the record." *State v. Gray*, 8th Dist. Cuyahoga No. 106589, 2018-Ohio-3678, ¶ 21, citing *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975). A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

{¶12} Pursuant to R.C. 2953.21(A)(2), postconviction relief petitions shall be filed no later than 180 days after the trial transcript is filed in the direct appeal of the conviction at issue. The trial transcript in Bridges's direct appeal was filed on March 3, 2014, and this petition to set aside judgment was filed more than three years later, on December 17, 2017.

{¶13} However, R.C. 2953.23(A)(1) permits a court to entertain a postconviction petition that is filed after the expiration period where the petitioner demonstrates he was "unavoidably prevented from discovery of the facts upon which" he relies to support his claim for relief and the petitioner demonstrates "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) and (b).

{¶14} Bridges claims that the trial court considered facts outside the record, namely that the victim "died for reason of his gender life style, mental condition, or age" and therefore his sentence is contrary to law. He also claims that the court made "illegal determinations" in his sentence. Bridges fails to provide any newly discovered evidence in support of his claims. On the contrary, in his petition, he appears to direct the court's attention to the portion of the trial transcript in which the court considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness factors outlined in R.C. 2929.12. This transcript is not new facts or evidence. And Bridges fails to

present any new information demonstrating that any of the sentencing factors were improperly considered. Bridges's petition is therefore untimely.

**{¶15}** Even if we determined that Bridges's petition was timely, his claims are barred by res judicata. The doctrine of res judicata bars a defendant "from raising and litigating in any proceeding, except an appeal from [a final] judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶16}** Bridges did not challenge the legality of his sentence in his direct appeal. And sentencing errors not raised on direct appeal are generally barred by the doctrine of res judicata. *State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 10. Void sentences, however, are an exception to the res judicata doctrine and may be reviewed at any time, either on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30; *State v. Williams*, 8th Dist. Cuyahoga No. 105873, 2018-Ohio-688, ¶ 9.

{¶17} Here, Bridges's two assignments of error attack his sentence. Although he claims that his sentence was not imposed in accordance with the law, he presents no colorable argument to support his contention that his sentence is contrary to law and therefore void, nor has he presented any evidence that his sentence is void. Rather, Bridges appears to take issue with the trial court's findings at sentencing, claiming that the findings are not supported by the record. Bridges also disagrees with the court's consideration of the sentencing factors, claiming the trial court should not have considered the victim's sexual orientation or "gender life style" as motive for the murder. These claims are barred by res judicata. *See State v. Wolke*, 4th Dist. Adams No. 17CA1048, 2018-Ohio-2119, ¶ 15 (challenges to the imposition of consecutive sentences are barred by res judicata); *see State v. Ray*, 8th Dist. Cuyahoga No. 101142, 2014-Ohio-4689, ¶ 11 (challenges to the trial court's consideration of R.C. 2929.11 and 2929.12 are barred by res judicata).

{¶18} Bridges's assignments of error are overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR