[Cite as *State v. Taulbee*, 2019-Ohio-3855.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 19-CA-26 |
| | : | |
| RYAN T. TAULBEE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Fairfield County Court
                                    of Common Pleas, Case No. 2013-CR-
                                    00479

JUDGMENT:                           AFFIRMED

DATE OF JUDGMENT ENTRY:             September 20, 2019

APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

R. KYLE WITT                                RYAN T. TAULBEE, PRO SE
FAIRFIELD COUNTY PROSECUTOR                 Inmate # A697318
                                            Madison Correctional Institution
KIRK L. SHAW                                P.O. Box 740
239 W. Main St., Suite 101                  1851 St. Rt. 56
Lancaster, OH 43130                         London, OH 43140-0740

*Delaney, J.*

{¶1}   Defendant-Appellant Ryan T. Taulbee appeals the May 14, 2019 judgment entry of the Fairfield County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On October 4, 2013, the Fairfield County Grand Jury indicted Taulbee on three counts of rape in violation of R.C. 2907 .02(A)(2), felonies of the first degree, one count of attempted rape in violation of R.C. 2907.02(A)(2) and 2923.02(A), a felony of the second degree, one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree, and one count of disrupting public services in violation of R.C. 2909.04(A)(3), a felony of the fourth degree.

{¶3}   Subsequently, a jury trial commenced on December 17, 2013. The jury, on December 20, 2013, found Taulbee not guilty of all of the counts except one count of rape in violation of R.C. 2907 .02(A)(2) by digital penetration. Taulbee moved the trial court to set aside the verdict as contrary to the balance of the jury's findings. The trial court denied the motion.

{¶4}   As memorialized in a Judgment Entry filed on January 17, 2014, Taulbee was sentenced to nine years in prison. The trial court, in its Judgment Entry, ordered that Taulbee have no direct or indirect contact with the victim or her family members or with the victim's neighbor or her family members.

{¶5}   Taulbee then appealed, arguing that his conviction for rape was against the manifest weight of the evidence and could not be reconciled with the other verdicts in his case. This Court, pursuant to an Opinion filed on March 13, 2015 in *State v. Taulbee*, 5th Dist. Fairfield No. 14–CA–5, 2015–Ohio–1004, affirmed Taulbee's conviction.

{¶6}   On July 6, 2015, Taulbee filed a Motion to Reopen his appeal. The motion was denied as untimely on September 10, 2015. Taulbee filed a Notice of Appeal with the Ohio Supreme Court on November 30, 2015.

{¶7}   Taulbee, on February 5, 2016, filed a Motion to Vacate a Void Sentence in the trial court, arguing that the trial court erred when it imposed a community control sanction (the no contact order) and a prison term for the same felony offense and that the trial court relied on erroneous information when sentencing Taulbee. Taulbee specifically argued that the trial court "relied upon erroneous information and testimony from the 'victim's' account that the jury deemed wholly incredible." Appellee filed a response to Taulbee's motion on February 23, 2016, conceding, in part, that the no contact order should be vacated.

{¶8}   On February 10, 2016, the Ohio Supreme Court declined to accept jurisdiction of Taulbee's appeal.

{¶9}   The trial court, as memorialized in a Journal Entry filed on March 4, 2016, overruled Taulbee's Motion to Vacate a Void Sentence, but ordered that the no contact order be vacated. Taulbee appealed the judgment to this Court, which we affirmed. *See State v. Taulbee*, 5th Dist. Fairfield No. 16-CA-10, 2016-Ohio-5445.

{¶10} On May 9, 2019, Taulbee filed a Motion to Vacate a Void Sentence arguing he was deprived of a trial by jury due to a defective reasonable doubt jury instruction. The trial court found Taulbee's motion was fundamentally identical to the motion filed on February 5, 2016, which on appeal was found to be barred by the doctrine of res judicata. On May 14, 2019, the trial court denied the May 9, 2019 motion as likewise barred by the doctrine of res judicata.

{¶11} It is from this judgment Taulbee now appeals.

## ASSIGNMENT OF ERROR

{¶12} Taulbee raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO VACATE AS A RESULT OF STRUCTURAL ERRED [SIC] DUE TO A DEFECTIVE REASONABLE DOUBT INSTRUCTION."

## ANALYSIS

{¶14} Taulbee argued in his Motion to Vacate a Void Sentence that the jury received defective jury instructions as to reasonable doubt, thereby preventing him from receiving a trial by jury. He contends in his sole Assignment of Error that the trial court erred in denying his Motion to Vacate a Void Sentence.

{¶15} Upon review of his direct appeal in *State v. Taulbee*, 5th Dist. Fairfield No. 14-CA-5, 2015-Ohio-1004, Taulbee did not argue the jury instructions were defective as an assignment of error.

{¶16} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. We find Taulbee is barred by the doctrine of res judicata from raising his argument about defective jury instructions because he could have raised the argument on direct appeal.

{¶17} Taulbee's sole Assignment of Error is overruled.

**CONCLUSION**

{¶18} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.