[Cite as *State v. Bridges*, 2023-Ohio-1048.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,                  :

                                              No. 111833

    v.                                               :

ANDREY L. BRIDGES,                     :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 30, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-574201-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Andrey L. Bridges, *pro se*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Andrey Bridges, pro se, appeals the trial court's denial of several postconviction motions. For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 2} Bridges has an extensive history with this court related to his 2013 convictions.

{¶ 3} In November 2013, following a jury trial, Bridges was found guilty of murder, felonious assault, tampering with evidence and offenses against a human corpse in connection with the death of Carl Acoff, Jr. Bridges was sentenced to an aggregate term of 18 years and six months to life in prison. His convictions were affirmed on direct appeal. *State v. Bridges*, 8th Dist. Cuyahoga No. 100805, 2014-Ohio-4570 ("*Bridges I*"); *see also State v. Bridges*, 8th Dist. Cuyahoga No. 100805, 2015-Ohio-1447 (denying application to reopen appeal). The Ohio Supreme Court declined to accept jurisdiction over Bridges' discretionary appeals. *State v. Bridges,* 142 Ohio St.3d 1424, 2015-Ohio-1353, 28 N.E.3d 123 (direct appeal); *State v. Bridges*, 143 Ohio St.3d 1420, 2015-Ohio-2911, 34 N.E.3d 932 (application to reopen appeal).

{¶ 4} On July 23, 2014, while his direct appeal was pending, Bridges filed, pro se, a petition for postconviction relief. Bridges argued that his convictions violated various provisions of the United States and Ohio Constitutions, because (1) the state "failed to reach its burden of proof," no eyewitness identified him as the perpetrator to the crime, he was "actually innocent" and a police report "pointed to someone other than [Bridges] being responsible for the crime," (2) he was denied the effective assistance of counsel based on trial counsel's alleged failure to investigate "an alternative suspect" identified in the police report, failure to

investigate witnesses and other evidence supporting Bridges' alibi, failure to raise various objections to the admission of evidence at trial and failure to subpoena alibi witnesses and phone records, (3) "tainted evidence" was improperly admitted at trial and used to convict him and (4) there was prosecutorial misconduct. The trial court denied his petition without a hearing and issued findings of fact and conclusions of law, detailing the reasons for its ruling. Bridges appealed, pro se, the trial court's denial of his petition in two appeals, both of which were dismissed. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 101938 and 101942.[1]

{¶ 5} In March 2015, Bridges filed, pro se, a "petition to vacate or set aside judgment of conviction or sentence pursuant to [R.C.] 2953.23(A)(1)(a)-(b)." Bridges claimed that he was denied effective assistance of counsel (based on alleged deficiencies that included trial counsel's failure to: investigate and interview key witnesses, timely file a motion for an expert or private investigator, challenge DNA evidence, call his son to testify, object to or seek exclusion of certain evidence

---

[1] Appeal No. 101938 was dismissed, sua sponte, on October 1, 2014, pursuant to R.C. 2505.02 and 2953.21 due to Bridges' failure to attach a signed copy of the trial court's findings of fact and conclusions of law to his notice of appeal. Appeal No. 101942 was dismissed, sua sponte, on October 31, 2014, "for failure to file the record" in accordance with App.R. 3(A), 10 and Loc.App.R. 10.

On December 20, 2021, Bridges filed, pro se, a "motion for leave to file judicial notice and correction and to modify the record pursuant to App.R. 9" in Appeal No. 101938, arguing that this court had "mistakenly dismissed" Appeal No. 101938 and Appeal No. 101942, asserting that "[a] review of the online docket will for sure show standing in each case for support of show" [sic] and requesting that the court reinstate his appeal in Appeal No. 101938. This court denied the motion, stating: "The decision in this appeal was released on October 1, 2014. This court no longer has jurisdiction over the appeal."

presented at trial, admit an "accurate weather report" and file a motion for a "gag order" to avoid prejudicial publicity), that the trial court lacked subject-matter jurisdiction to hear his case because of an alleged improper bindover (i.e., that he was "not properly bound-over by a Berea Municipal Court [j]udge to the Cuyahoga County Court of Common Pleas"), that his speedy trial rights pursuant to R.C. 2945.71 had been violated and that he was denied a fair trial due to witness and prosecutorial misconduct. In May 2015, Bridges filed, pro se, a motion for a new trial. Bridges argued that the state had failed to prove beyond a reasonable doubt that Bridges had committed the crimes at issue for various reasons, including due to the alleged existence of "a statement that someone other than [Bridges] had committed the crime[s]," that the trial court had abused its discretion in admitting prejudicial, "highly inflammatory and gruesome" photographic evidence and that his $5 million bond was unconstitutional. The trial court denied these motions, Bridges appealed, and we affirmed those rulings. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 102903 and 103090, 2015-Ohio-5428 ("*Bridges II*"). We concluded that Bridges' petition to vacate or set aside judgment of conviction or sentence was untimely, was not based on newly discovered evidence and that the claims asserted could have been raised in the trial court or on direct appeal and were, therefore, barred by res judicata. *Id.* at ¶ 9-21. We concluded that Bridges' motion for a new trial was untimely, that his evidentiary arguments were not based on newly discovered evidence and were barred by res judicata and that Bridges' challenge to the amount of his pretrial bond was moot. *Id.* at ¶ 24-31. The Ohio Supreme Court

declined to accept jurisdiction over Bridges' discretionary appeal. *State v. Bridges*, 145 Ohio St.3d 1458, 2016-Ohio-2807, 49 N.E.3d 320.

{¶ 6} In August 2015, while his appeal in *Bridges II* was pending, Bridges filed a motion for leave to file a delayed motion for new trial ("delayed motion for new trial") based on claims of ineffective assistance of counsel (arguing that trial counsel failed to file a motion to suppress, notice of alibi and "other defense motions"), "actual/factual innocence" (arguing that his convictions were not supported by sufficient evidence) and the alleged improper denial of his motion for a private investigator. In May 2016, Bridges filed a motion for leave to correct error in his conviction due to insufficient evidence ("motion to correct error"), in which he raised challenges to his convictions based on the sufficiency and manifest weight of the evidence. The trial court denied both motions. Bridges appealed the trial court's rulings, and, in October 2016, we affirmed the trial court. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298 ("*Bridges III*"). In affirming the trial court's denial of Bridges' delayed motion for new trial, we concluded that Bridges had failed to establish that he was unavoidably prevented from timely filing his motion for new trial and that the claims set forth in the motion were barred by res judicata. *Bridges III* at ¶ 24-28. In affirming the trial court's denial of Bridges' motion to correct error, construed as a petition for postconviction relief, we found that his claims were barred by res judicata and that Bridges' petition was untimely. *Id*. at ¶ 31-39. The Ohio Supreme Court declined to accept

jurisdiction over Bridges' discretionary appeal. *State v. Bridges*, 148 Ohio St.3d 1445, 2017-Ohio-1427, 72 N.E.3d 658.

{¶ 7} In December 2017, Bridges filed, pro se, a "motion [for] leave to file void or voidable judgment," claiming that he was denied due process and that his sentence was contrary to law because the trial court had improperly considered facts outside the record (including considering the victim's sexual orientation or "gender life style" as motive for the murder) and had made "illegal determination[s]" when sentencing him. The trial court denied Bridges' motion, and Bridges appealed. We affirmed the trial court, finding that Bridges' motion was an untimely petition for postconviction relief and that, even if it were not untimely, his claims were barred by res judicata. *State v. Bridges*, 8th Dist. Cuyahoga No. 106653, 2018-Ohio-4113, ¶ 12-17 ("*Bridges IV*"). The Ohio Supreme Court declined to accept jurisdiction over Bridges' discretionary appeal. *State v. Bridges*, 154 Ohio St.3d 1510, 2019-Ohio-601, 116 N.E.3d 1289.

{¶ 8} On April 8, 2019, Bridges filed a "motion to rebut violent offender database and duties and raise factu[a]l innocence." The trial court denied the motion; Bridges did not appeal. On June 26, 2019, Bridges filed a "motion to proceed with finding of fact and conclusion of law," arguing that the trial court was required to provide reasons for denying his April 8, 2019 motion. The trial court denied the motion, and Bridges appealed. Construing Bridges' motion for findings of fact and conclusions of law as a successive petition for postconviction relief, we affirmed the trial court on the grounds that a trial court has no duty to issue findings

of fact and conclusions of law on successive petitions for postconviction relief. *State v. Bridges*, 8th Dist. Cuyahoga No. 109019, 2020-Ohio-1625, ¶ 6-9 ("*Bridges V*").

**The Current Appeal**

{¶ 9} On November 29, 2021, Bridges filed, pro se, a "motion to correct/revised post-conviction judgment entry" ("motion to correct postconviction judgment entry"), requesting that the trial court (1) amend its September 3, 2014 judgment entry[2] to issue "proper" findings of facts and conclusions of law with respect to its denial of his July 23, 2014 petition for postconviction relief and (2) order the clerk to send him a copy of the "corrected" judgment entry so that he could "have meaningful appeal rights." On November 30, 2021, Bridges filed, pro se, a "motion [for] leave to allow defendant to amend/supplement post-conviction relief," seeking leave to amend or supplement his July 23, 2014 petition for postconviction relief to make additional arguments and identify additional evidence in support of his previously asserted claims of ineffective assistance of counsel and prosecutorial misconduct.

{¶ 10} In June 2022, Bridges filed a "motion to vacate a void judgment of common law ancestry" ("motion to vacate a void judgment") in which he argued that his constitutional rights had been violated and "the judgment in this case is void" because: (1) the trial court failed to instruct the jury regarding the lesser-included

---

[2] In his motion to correct, Bridges requested that trial court correct "the post-conviction entry of [the] court[']s September 3rd, 2014 order and judgment." There is no September 3, 2014 judgment entry. Presumably, Bridges was referring to the trial court's findings of fact and conclusions of law filed on September 8, 2014.

offense of involuntary manslaughter and (2) his trial counsel provided ineffective assistance of counsel by failing to "test the prosecutor's case," file motions to suppress and present a defense showing his innocence.  In support of his motion to vacate a void judgment, Bridges filed a "motion for transcript to support motion to vacate a void judgment of common law" ("motion for transcript") an "affidavit of merit of motion to vacate a void judgment of common law" and two documents entitled "These Statements Supports [sic] Statement of Facts at 1 through 16 and Claims Two and Three" and "These Transcripts Support Claims One[,] Two and Three Under Facts of Case at 1 through 16" (collectively, the "supporting statements").[3]  The state filed an omnibus response to Bridges' 2021 and 2022 motions, and the trial court denied them.

{¶ 11}  Bridges appealed, raising the following six assignments of error for review:

> Assignment of Error I:  The trial court abused its discretion, under common law, and due process was denied, when the court failed to

---

[3] In his affidavit of merit, Bridges asserts that he is "an innocent man" and sets forth a number of general statements regarding alleged errors he contends occurred in the case and alleged deficiencies in the evidence presented at trial.  The supporting statements consist of what appear to be excerpts of various police reports (some with handwritten notes); email communications exchanged among various police officers or detectives from April 2013; an affidavit from Bridges' son dated August 29, 2014 regarding how (on some unidentified date) his father cut his hand on a can of vegetables, a letter from Bridges' ex-girlfriend dated August 27, 2020, regarding events that had occurred "[a]round the first week of January 2013," her communications with Bridges' lawyer and her willingness to testify on Bridges' behalf; some undiscernible objects or photographs identified as "objects to [sic] small to [h]old [t]he body in water"; various climatological data reports for January 2013; a motion for appointment of private investigator filed October 28, 2013; excerpts from the transcripts of pretrial proceedings, trial and sentencing; the November 15, 2013 sentencing journal entry and Bridges' indictment in this case.

instruct the jury on the lesser included offense of involuntary manslaughter.

Assignment of Error II: The trial court abused its discretion, and due process was denied, when [the] trial court used res judicata to end a void jurisdiction.

Assignment of Error III: Appellant is prejudicially denied void jurisdiction under common law, and due process is denied and erred, when appellant went to trial with no defense under ineffective assistance of counsel while appellant being factually innocent.

Assignment of Error IV: Appellant is prejudicially denied the right to redress the courts of law and trial court abused its discretion.

Assignment of Error V: Appellant is prejudicially denied, and due process is denied and erred, when Appellant went to trial with no defense under ineffective assistance of counsel when a police report shows Appellant innocence.

Assignment of Error [VI[4]]: The trial court abused its discretion, when it did not review the record/transcript before ruling on the motion.

{¶ 12} For ease of discussion, we address Bridges' assignments of error out of order and together where appropriate.

**Law and Analysis**

**Motion to Vacate a Void Judgment**

{¶ 13} In his first, second, third, fifth and sixth assignments of error, Bridges challenges the trial court's denial of his motion to vacate a void judgment. In his first assignment of error, Bridges asserts that the trial court abused its discretion in denying his motion to vacate a void judgment because the trial court "committed

---

4 In his appellate brief, Bridges identifies this assignment of error as his seventh assignment of error; however, his brief contains no sixth assignment of error. Accordingly, to avoid confusion, we have renumbered it as the sixth assignment of error here.

prejudicial error" in failing to instruct the jury regarding the lesser-included offense of involuntary manslaughter. In his second assignment of error, Bridges asserts that res judicata is not a bar to his first assignment of error. In his third and fifth assignments of error, Bridges argues that the trial court abused its discretion in denying his motion to vacate a void judgment because he was "factually innocent" and was denied the effective assistance of counsel during his 2013 trial.

{¶ 14} We construe Bridges' motion to vacate a void judgment as a successive petition for postconviction relief. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10. "'[A] vaguely titled motion to correct or vacate * * * may be construed as a petition for post-conviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asked for a vacation of the judgment and sentence.'" *State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8, quoting *State v. Caldwell*, 3d Dist. Paulding No. 11-05-07, 2005-Ohio-5375, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus; *see also Bridges III* at ¶ 31; *Bridges V* at ¶ 7. Bridges' motion to vacate a void judgment satisfies all the criteria for it to be construed as a petition for postconviction relief.

{¶ 15} Pursuant to R.C. 2953.21(A)(1)(a)(i), a person who has been convicted of a criminal offense and who "claims that there was such a denial or

infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a petition in the court that imposed sentence, asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. Pursuant to R.C. 2953.21(A)(2), petitions for postconviction relief under R.C. 2953.21(A)(1)(a)(i) must generally be filed within 365 days after the trial transcript is filed in the direct appeal of the conviction at issue. The trial transcript in Bridges' direct appeal was filed on March 3, 2014. Bridges' petition for postconviction relief was successive and untimely under R.C. 2953.21(A).

{¶ 16} A trial court lacks jurisdiction over an untimely or successive petition for postconviction relief unless the petition satisfies the criteria set forth under R.C. 2953.23(A)(1) or (2). R.C. 2953.21(A); R.C. 2953.23(A); *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 20; *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36-38 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition."). R.C. 2953.23(A)(1)[5] states, in relevant part:

> [A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * [b]oth of the following apply:

---

[5] R.C. 2953.23(A)(2), which applies to offenders for whom DNA testing was performed under R.C. 2953.71 through 2953.81 or former R.C. 2953.82, is inapplicable here.

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

{¶ 17} We review a decision to grant or deny a petition for postconviction relief for abuse of discretion. *State v. Hatton*, Slip Opinion No. 2022-Ohio-3991, ¶ 38, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51-52, 58. However, whether a trial court has subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which we review de novo. *Hatton* at ¶ 38, citing *Apanovitch* at ¶ 24.

{¶ 18} In this case, Bridges' petition did not satisfy the requirements of R.C. 2953.23(A)(1). Nothing in Bridges' petition shows that he was unavoidably prevented from discovering the facts on which the claims in his petition were based, that any new federal or state right was recognized subsequent to his filing of his earlier petitions or that, but for the alleged constitutional error, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. Because Bridges did not make the requisite showing under R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider his petition for postconviction relief and properly denied it.

{¶ 19} Furthermore, Bridges' claims were barred by res judicata. *See, e.g., Bridges III* at ¶ 36 ("The doctrine of res judicata places another restriction on the availability of postconviction relief. * * * When the claims raised in a petition for postconviction relief are barred by the doctrine of res judicata, a trial court does not abuse its discretion in denying the petition without a hearing."). "Res judicata generally bars a convicted defendant from litigating a postconviction claim that was raised or could have been raised at trial or on direct appeal." *Bethel*, 167 Ohio St.3d at 366, 2022-Ohio-783, 192 N.E.3d 470, at ¶ 17, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *Hatton*, Slip Opinion No. 2022-Ohio-3991, at ¶ 22 ("Res judicata applies to * * * petitions for postconviction relief."), citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).

{¶ 20} In an attempt to avoid the application of res judicata, Bridges asserts, in his second assignment of error, that res judicata is not a bar to his claims because his 2013 judgment of conviction was void and res judicata does not apply to void judgments.

{¶ 21} Although Bridges is correct that res judicata does not apply to void judgments, a judgment is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. *See State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 11, 14; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34-37. If the

court has jurisdiction over the case and the person, a judgment based on an error in the court's exercise of that jurisdiction renders a judgment voidable, not void. *Hudson* at ¶ 11 ("When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court' judgment voidable, not void.").

{¶ 22} Here, the common pleas court was the proper forum for trying the offenses for which Bridges was convicted. It had subject-matter jurisdiction over the case and personal jurisdiction over Bridges. *See* Article IV, Section 4, Ohio Constitution; R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."); *Harper* at ¶ 23. As such, the trial court's 2013 judgment of conviction was not void.

{¶ 23} Challenges to jury instructions that could have been raised on direct appeal are barred by res judicata. *See, e.g., State v. Nunez*, 8th Dist. Cuyahoga No. 104917, 2017-Ohio-5581, ¶ 46; *State v. Taulbee*, 5th Dist. Fairfield No. 19-CA-26, 2019-Ohio-3855, ¶ 16; *State v. Sullivan*, 10th Dist. Franklin No. 13AP-861, 2014-Ohio-1260, ¶ 15. Because Bridges could have challenged the trial court's jury instructions on direct appeal, his claims are barred by res judicata. Accordingly, we overrule Bridges' first and second assignments of error.

{¶ 24} In his third and fifth assignments of error, Bridges claims that his trial counsel was ineffective for failing to timely request "an expert to investigate the prosecutor['s] case," for failing "to file relevant motions to suppress," for going to

trial "with no defense and merely question[ing] off the detective's report," for failing to point out alleged deficiencies in the DNA evidence and for failing to present evidence of alleged favorable facts set forth in statements by Bridges, Bridges' son, Bridges' ex-girlfriend and the police report. Bridges also takes issue with the redaction of certain videos admitted into evidence at trial.

{¶ 25} Res judicata operates to bar successive petitions for postconviction relief that raise claims that were or could have been raised on direct appeal or in a prior petition. *See, e.g., State v. Waver*, 8th Dist. Cuyahoga No. 108820, 2020-Ohio-2724, ¶ 32; *see also State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 15 ("The doctrine of res judicata prevents repeated attacks on a final judgment for issues that were or could have been previously litigated."); *Bridges III* at ¶ 33 ("[A] postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction."). This is not a case involving new claims or issues that have not been litigated, or could not have been litigated, before. *Compare Hatton*, Slip Opinion No. 2022-Ohio-3991, at ¶ 25.

{¶ 26} As detailed above, Bridges raised the same ineffective assistance of counsel claims (or slight permutations thereof) in prior petitions for postconviction relief and other motions filed with the trial court and in prior appeals before this court. Because Bridges raised or could have raised the claims he now raises on direct appeal or in prior petitions for postconviction relief, his claims are barred by res judicata. *See Bridges II* at ¶ 7, 12-15; *Bridges III* at ¶ 25-27.

{¶ 27} Bridges' third and fifth assignments of error are overruled.

**Claims Relating to the Trial Transcript**

{¶ 28} In his sixth assignment of error, Bridges contends that the trial court abused its discretion by (1) denying his request for "proper authentic transcripts by the court reporter" and (2) failing to review the record and transcript before ruling on his motion to vacate a void judgment.

{¶ 29} On June 6, 2022, Bridges filed a motion for transcript in which he requested that (1) "proper authentic transcripts by the court reporter" be provided for court use in ruling on his motion to vacate a void judgment (stating that he had only "copies" of the transcripts and lacked funds to purchase official transcripts) and (2) the trial court "use" the transcripts when considering his motion to vacate a void judgment to avoid being "blinded from the facts."

{¶ 30} It is not entirely clear what Bridges claims should have been done differently here. The record reflects that the official trial transcripts (seven volumes) were prepared on Bridges' behalf, at the state's expense, and filed in his direct appeal on March 3, 2014. Bridges acknowledges that he has copies of the transcripts and he included record citations to the transcripts in, and/or attached excerpts from the transcripts to, his motion to vacate a void judgment, affidavit of merit and supporting statements. Bridges was not entitled to another copy of the "proper authentic transcripts [prepared] by the court reporter" at the state's expense for use in his successive postconviction proceedings. *See, e.g., State v. Bayles*, 8th Dist. Cuyahoga No. 88094, 2007-Ohio-1008, ¶ 11 ("'[T]he duty to provide a transcript at State expense extends only to providing one transcript for the entire judicial system.

It does not extend to sending the transcript to the indigent person in prison.'"),

quoting *State ex rel. Mramor v. Court of Common Pleas*, 8th Dist. Cuyahoga No.

73406, 1997 Ohio App. LEXIS 5996, 2 (Dec. 31, 1997); *State v. Taylor*, 2d Dist.

Montgomery No. 26327, 2016-Ohio-1100, ¶ 16 (noting that the Ohio Supreme Court

"has repeatedly adhered to the position that defendants are not entitled to a

transcript where the transcript has already been filed in their direct appeal, and that

only one copy of the transcript of criminal trials must be provided to indigent

criminal defendants"), citing *State ex rel. Call v. Zimmers*, 85 Ohio St.3d 367, 368,

708 N.E.2d 711 (1999), citing *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326,

691 N.E.2d 275 (1998), and *State ex rel. Murr v. Thierry*, 34 Ohio St.3d 45, 517

N.E.2d 226 (1987). Accordingly, the trial court did not err or abuse its discretion in

denying Bridges' motion for transcript.

{¶ 31} Further, the trial judge who ruled on Bridges' motion to vacate a void

judgment was the same trial judge who presided over Bridges' 2013 trial and the

same trial judge who has reviewed and ruled on Bridges' voluminous postconviction

motions and petitions during the last nine years. Accordingly, she is very familiar

with the record in the case, including the issues Bridges has raised again and again

in his postconviction motions and petitions. There is nothing in the record to

support Bridges' claim that he was denied "a fair right of adjudication on the merits"

based on the trial court's alleged failure to review the record and trial transcripts

before ruling on his motion to vacate a void judgment.

{¶ 32} Bridges has failed to establish that he was entitled to any relief with respect to his sixth assignment of error. Accordingly, we overrule his sixth assignment of error.

**Motion to Correct Judgment Entry Relating to 2014 Petition for Postconviction Relief**

{¶ 33} Bridges' fourth assignment of error relates, at least in part, to the trial court's denial of his November 2021 "motion to correct/revised postconviction judgment entry." Bridges contends that the relief requested in his motion to correct postconviction judgment entry "should have been given and gone," that he was "denied the rights to redress the courts of law," that he "did not have a due process to appeal" and that the trial court abused its discretion (1) "by not ordering the clerk to issue each party a copy" of its signed September 8, 2014 judgment entry in accordance with Civ.R. 58(B) and (2) for failing "to send the record for [his] appeal(s)" of his July 2014 petition for postconviction relief. Once again, Bridges has failed to establish that he was entitled to any relief with respect to his fourth assignment of error.

{¶ 34} The trial court denied Bridges' petition for postconviction relief on July 30, 2014, and Bridges requested findings and fact and conclusions of law on August 6, 2014. In his November 2021 motion to correct/revised postconviction judgment entry, Bridges asserted that the trial court "did not provide a proper answer" to his August 6, 2014 motion for findings of facts and conclusions of law, which he contends "may have * * * been because the entry was * * * not signed," and

requested that the trial court issue a "proper finding of fact and conclusion of law" and a "proper final appealable order."

{¶ 35} Civ.R. 58 was enacted "to preserve the appellate rights of individuals." *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 9. Civ.R. 58(B) provides:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 36} App.R. 4(A)(1) states: "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(3) states: "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."[6] In other words, failure to perfect service as outlined in Civ.R. 58(B), tolls the 30-day period for filing an appeal. *See, e.g., Tucker* at ¶ 9; *Howard v. Mgmt. & Training Corp.*, 10th Dist. Franklin No. 21AP-283, 2022-Ohio-

---

[6] This court has held that the notice provision in Civ.R. 58(B) and the tolling provision in App.R. 4(A) apply to petitions for postconviction relief because they are civil in nature. *State v. Dowell*, 8th Dist. Cuyahoga No. 110629, 2022-Ohio-615, ¶ 11, citing *Tucker* at ¶ 9, and *State v. Harris*, 8th Dist. Cuyahoga No. 94186, 2010-Ohio-3617, ¶ 7-8.

4071, ¶ 14 ("Failure to complete service of a final judgment under Civ.R. 58(B) tolls the thirty-day period for filing a notice of appeal."); *White v. Cent. Ohio Gaming Ventures, LLC*, 10th Dist. Franklin No. 18AP-780, 2019-Ohio-1078, ¶ 12 ("Because the clerk did not complete service as required by Civ.R. 58(B), [the appellant's] time to appeal never expired under App.R. 4(A).").

{¶ 37} The record reflects that after requesting and receiving proposed findings of fact and conclusions of law from the state, the trial court filed written findings of fact and conclusions of law denying Bridges' petition for postconviction relief on September 8, 2014. Bridges filed an appeal of that decision in Appeal No. 101938, but his notice of appeal did not include the signed version of the trial court's findings of facts and conclusions of law. Appeal No. 101938 was dismissed pursuant to R.C. 2505.01 and 2953.21.

{¶ 38} The state concedes that the trial court did not comply with Civ.R. 58(B) with respect to its September 8, 2014 order. The trial court's September 8, 2014 order does not contain an endorsement from the trial court directing the clerk to serve the parties with the order. Likewise, there is no notation by the clerk in the docket reflecting the date on which any notice of the September 8, 2014 order was served on the parties. As a result, the time for filing the notice of appeal was tolled pursuant to App.R. 4(A) until the clerk served notice of the order on Bridges. *See, e.g., Tucker* at ¶ 9; *Howard* at ¶ 14.

{¶ 39} Bridges, however, did not need to take advantage of the tolling occasioned by the trial court's failure to comply with Civ.R. 58(B) in order to file a

timely appeal. He filed his second notice of appeal from the denial of his July 23, 2014 petition, Appeal No. 101942 — to which he attached a signed copy of the trial court's September 8, 2014 order — on September 17, 2014, nine days after the order was filed by the trial court. Pursuant to App.R. 4(A), Appeal No. 101942 was timely. Accordingly, Bridges was not deprived of an opportunity to appeal the trial court's denial of his 2014 petition for postconviction relief due to the trial court's failure to comply with Civ.R. 58(B). Bridges is not entitled to multiple appeals of the same judgment.

{¶ 40} As explained above, Appeal No. 101942 was later dismissed, sua sponte, pursuant to App.R. 3(A), 10 and Loc.App.R. 10. Even if there were some error in this court's dismissal of Appeal No. 101942, that was not a matter that could be addressed by the trial court nearly eight years later.[7] The trial court did not err in denying Bridges' November 2021 motion to correct postconviction judgment entry.

{¶ 41} Because Bridges has failed to establish that he was entitled to any relief with respect to his fourth assignment of error, we overrule Bridges' fourth assignment of error.

---

[7] To the extent Bridges asserts that this court erroneously dismissed other appeals he has taken, those rulings are not before the court in this appeal.

## Vexatious Litigator Designation Pursuant to Loc.App.R. 23

{¶ 42} As detailed above, Bridges has repeatedly raised the same issues in numerous postconviction motions or petitions filed in the trial court and in numerous appeals to this court appealing the denial or dismissal of those postconviction motions or petitions.

{¶ 43} Pursuant to Loc.App.R. 23(A), an appeal "shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law." Loc.App.R. 23(B) further provides that a party who "habitually, persistently, and without reasonable cause engages in frivolous conduct," may be declared a vexatious litigator subject to filing restrictions.

{¶ 44} We find that Bridges' repeated, continued attempts to litigate the same issues constitutes frivolous conduct pursuant to Loc.App.R. 23(A). Thus, we find Bridges to be a vexatious litigator under Loc.App.R. 23. *See, e.g., State v. Johnson*, 8th Dist. Cuyahoga No. 110318, 2021-Ohio-2526, ¶ 22-25. Accordingly, Bridges is prohibited from instituting any future legal proceedings in the Eighth District Court of Appeals of Ohio without first obtaining leave, and he is further prohibited from filing any proceedings in the Eighth District Court of Appeals of Ohio without the filing fee and security for costs required by Loc.App.R. 3(A). Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

{¶ 45} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EMANUELLA D. GROVES, J., CONCUR